M. F. McRAE v. MAXTON, ALMA AND SOUTHBOUND RAILROAD COMPANY.

(Filed 20 October, 1920.)

**1. Evidence—Hearsay—Fires—Damages.**

 A map made by a surveyor showing the number of acres as "claimed" by the plaintiff to have been burnt over and damaged by fire from defendant railroad company's locomotive in an action to recover damages for the negligence of the defendant therein, is hearsay and incompetent as substantive evidence, and a judgment based thereon and calculated by the judge on a verdict of so much damage per acre, the acreage not being found by the verdict, is reversible error.

**2. Appeal and Error—Judgments—Fires—Damages—Evidence.**

 When the trial judge has erroneously calculated the fire damage to plaintiff's land by multiplying the damage per acre, found by the verdict, the number of acres not being admitted nor found by the verdict, the question as to whether the judgment should have been based upon other evidence of a different acreage, without motion therefor, is not presented on appeal.

**3. Negligence—Issues—Pleadings—Evidence—Fires—Damages.**

 An answer to an issue, was "the plaintiff's land burned over by the negligence of the defendant, as alleged in the complaint?" refers to the negligence alleged and not to the number of acres of the plaintiff that were damaged.

APPEAL by the defendant from *Guion, J.,* at September Term, 1920, of ROBESON.

Action to recover damages for burning over plaintiff's land from a fire set out by sparks and cinders escaping from a defective engine, catching on a foul and inflammable right of way, and spreading thence to the plaintiff's land. Verdict and judgment for the plaintiff, and appeal by the defendant.

*McNeil & Hackett and Junius J. Goodwin for plaintiff.*
*Henry A. McKinnon and McLean, Varser, McLean & Stacy for defendant.*

CLARK, C. J. The complaint averred that "about 50 acres" of plaintiff's land was burnt over as the consequence of sparks negligently

emitted from the defendant's engines. This was squarely denied by the answer. The only evidence as to the acreage burnt over is that of the court surveyor, who testified that he "surveyed burnt lands for plaintiff about the middle of March and made this map introduced as exhibit 'A,' showing plaintiff's *claim* for 42.2 acres burned, . . . went over burnt area as indicated on map, pointed out by M. F. McRae." The only other testimony as to the acreage burnt is that of A. D. McRae, brother of the plaintiff, who testified "about 40 acres burnt over."

There was no issue submitted as to the acreage burnt over. To the issue, "What damage, if any, is the plaintiff entitled to recover from the defendant?" the jury responded, "$12.50 per acre."

Had the jury responded in a lump sum, it would have been conclusively presumed that they ascertained the number of acres in fixing the damage. The number of acres was not admitted, nor was it found by the jury, and it was error to enter judgment upon the indefinite verdict.

The surveyor, whose survey was made several months after the fire, testified that his map, which was introduced in evidence, showed "plaintiff's *claim* 42.2 acres burned," and added, "that the burnt area was pointed out to him by M. F. McRae" (the plaintiff). This was incompetent because M. F. McRae had not testified as to the area burnt over, and was not even corroborative evidence. It was merely the hearsay statement of the plaintiff and the map was simply a statement of the plaintiff's claim as to the acreage. It was error for the judge to take that unproven acreage and multiply it by the jury's finding of $12.50 per acre and enter a verdict for $527.50. The jury did not even find the "about 40 acres" estimate of A. D. McRae to be correct, and whether the judge could have given judgment for the recovery of $500 is not before us, for he did not enter such judgment, and there was no motion by the plaintiff that he should do so.

The plaintiff insists that the second issue finds that "the plaintiff's property was burned by the negligence of the defendant, as alleged in the complaint." But that issue is only as to the negligent burning; as the first issue is to the ownership of the property. Neither of them throw any light upon the acreage burnt over, which was not a fact that could be found by the judge.

There are several other exceptions, in view of which, without discussing them (as they may not arise again), the case should be sent back without being restricted to the issue of damages, for a

·New trial.